## VILLAGE OF PORT DICKINSON v. FISH.

(Supreme Court, Appellate Division, Third Department.   July 1, 1915.)

1. DEDICATION ⊂⇒37—PUBLIC PARKS—ACCEPTANCE.
   An owner conveyed described parcels, and declared that the last described parcel was conveyed on condition that it should be used for a public park.  Subsequently he reacquired title to the property, and thereafter filed in the county clerk's office a map of his property, laying it out into village lots, on which the parcel was marked "Village Park."  Before the original conveyance the parcel was unfenced, and was used as a playground and for picnic purposes.  For many years tables and seats between the trees were in the park and used by picnickers and others.  *Held* to show that the public had accepted the dedication of the parcel as a park, and no conveyance thereafter could deprive the public of the right to use it as a park.

   [Ed. Note.—For other cases, see Dedication, Cent. Dig. §§ 73, 74; Dec. Dig. ⊂⇒37.]

2. DEDICATION ⊂⇒63—PARKS—PRIVATE USE—EFFECT.
   An owner dedicated a parcel for a village park, and it was so used for many years.  Thereafter defendant applied to the village for permission to camp in the park, which was granted, and later that he be permitted to leave the floor of his tent in the park during winter, which was granted.  Later he obtained a quitclaim deed to the parcel from one having no substantial interest in the property.  *Held*, that defendant had no title to the park, and the right of the public to use it as such continued.

   [Ed. Note.—For other cases, see Dedication, Cent. Dig. §§ 103–106; Dec. Dig. ⊂⇒63.]

Appeal from Trial Term, Broome County.

Action by the Village of Port Dickinson against George A. Fish.  From a judgment for defendant, plaintiff appeals.  Reversed, and judgment directed for plaintiff.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Perkins & Blakeslee, of Binghamton, for appellant.
John H. Mangan, of Binghamton, for respondent.

JOHN M. KELLOGG, J.   [1]  Nelson Stowe owned a tract of land in the village of Port Dickinson, which bordered upon Chenango river, and on the 20th of October, 1873, he and his wife conveyed by full-covenant warranty deed the village hotel to Cecelia A. King, and in the conveyance, as a second parcel, he conveyed a village lot bordering upon the river, which by means of a lane 16 feet wide, running from a cove at the river to the junction of Lincoln and Water street, connected with those streets.   The lane was the property of Stowe and furnished access to the lot.   After describing the premises secondly conveyed, the deed provides that:

"This last described piece of land is conveyed to the said King for the purpose and on the condition that it is to be used for a public park and for public uses, and whenever it shall cease to be kept open for a public park, then the conveyance of the last-mentioned piece of land is to become void and of no effect, and the conveyance is on the condition that the said King is not to cut the shade trees standing on the premises."

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The hotel property and this parcel, subject to the same conditions, were conveyed by several different owners. The hotel property was mortgaged, and finally was purchased by Stowe on a mortgage sale. On January 4, 1876, he conveyed the hotel property and the village lot referred to, with substantially the same condition, to Henry Manwarren. There are several large shade trees upon the lot, and it has a commanding position upon the river. Prior to the original conveyance from Stowe it was unfenced, and was used as a playground for children and for picnic purposes. Many villagers from time to time came upon the lot to see the river, or to go to the river, and many rested in the shade of the trees. It was used in a similar manner from time to time until the defendant assumed exclusive control over it. January 8, 1894, Stowe caused to be made and filed in the county clerk's office a map of his property, laying it out into village lots, on which the lot now in question was marked "Village Park," showing that at that time he considered that the public had accepted the dedication and were making the use of the park which he contemplated should be made at the time he made the conveyance. May 1, 1894, he conveyed his real estate to his wife, excepting premises conveyed by certain deeds, but does not except this village park. For many years rough tables and seats between the trees were in the park, used by picnickers and others, and a swing made of a large rope extended from one tree to another, swinging out over the river.

[2] About 10 years ago the defendant applied to the village authorities for permission to camp in the park, which was granted, and later, when he had a floor to his tent, asked that he be permitted to leave the floor in the park during the winter, which was granted. In 1895 Mrs. Stowe, for $1, quitclaimed to Pangburn the park property, without any reservation. The defendant knew of the clause in the deed dedicating this lot as a public park. Nevertheless, after he had camped there for several years, and in 1911, he offered Mrs. Green $50 if she would give him a quitclaim of the property, telling her he would take all the chances and pay the lawyers if anything happened. She evidently did not consider that she had any substantial interest in the property, but signed the deed and took the money. She says, "He wanted to buy the property, and a deed of it, and I didn't care anything about it." In answer to the question, "Did you tell him you didn't feel that you had any right to deliver a deed?" she answered, "I don't remember that I did." She knew the terms of the deeds with reference to the park. He also, in October, 1911, paid Pangburn $25 for a quitclaim of the property, and since then has ignored the rights of the village, and claims to be the owner of the property. This action is brought to have it determined that the lot is a public park, and restraining him from taking possession of said park and excluding the public therefrom.

It is true that the park has not been kept up and improved as a public park would be in a large city. It has always been open for public use, has been frequently used, and the trees upon it have never been cut. The judgment of the grantor when he made the map in 1894 that the lot had been accepted as a village park seems to pretty well .

foreclose any discussion whether it was accepted by the public for such use. The manner in which the defendant first entered upon the park and acquired the title which he relies upon does not entitle him to great consideration. He is seeking to take from the public the park which was given to it, and which has been used for park purposes.

We conclude, therefore, that the public has accepted the dedication of the lot as a park, and that it was used in 1894 and prior thereto for such purposes within the fair contemplation of the deed, and that no conveyance after that could deprive the public of the right to use the village park. The judgment should therefore be reversed upon the law and the facts, and judgment directed for plaintiff for the relief demanded in the complaint, with costs.

The court disapproves of the following findings of fact: The 7th, 8th, 10th, 11th, 12th, 13th, 14th, 15th, 16th, 18th, 21st, and 22d. All concur.